WORTS and others *v.* CITY OF WATERTOWN.

*(Circuit Court, W. D. Wisconsin.* May 28, 1883.)

SERVICE OF SUMMONS—ACTION AGAINST CITY—REV. ST. WIS. § 2637, SUBD. 3.

Service of the summons in an action against a city in the state of Wisconsin, by delivering copies thereof to the city clerk, and the last-elected chairman of the board of street commissioners of such city, at a time when the office of mayor is vacant and there is no president or presiding officer of the common council, is a sufficient service under the provisions of subdivision 3 of section 2637 of the Revised Statutes of Wisconsin.

At Law.

*Jenkins, Winkler & Smith,* for plaintiffs.

BUNN, J. This action is commenced by James Gooderham Worts and others, residents and citizens of the dominion of Canada, and subjects of Great Britain, against the defendant, who is a municipal corporation, organized under the laws of Wisconsin, and a citizen of

Wisconsin, to recover the sum of $10,000, the principal of certain railroad bonds of $1,000 each, issued by said city in the year 1856, together with interest on said bonds since their date.

There having been no appearance in the case by the defendant, the plaintiffs make application for judgment by default against the defendant, and submit a question of law to the court arising on the sufficiency of the service of the summons upon the defendant city. The Revised Statutes of Wisconsin (subdivision 3, § 2637) provide that in actions against a city the service of summons shall be made by delivering a copy thereof to the mayor and the city clerk.

The charter of the city of Watertown provides for a mayor, (see chapter 233, Gen. Laws Wis. 1865, p. 266;) but by chapter 163, § 5, P. & L. Laws Wis. 1870, p. 399, a resignation of the mayor in writing, filed with the city clerk, takes effect from the time of such filing. Chapter 3, § 3, Laws 1874, dispenses with the signature of the mayor to all warrants, and allows the city clerk to issue them alone. Chapter 204, P. & L. Laws 1871, provides for a board of street commissioners and confers certain powers upon said board. Chapter 46, Laws 1879, § 2, provides that the said board of street commissioners of said city, and the chairman of said board, shall have concurrent power with the mayor and common council of said city, in the appointment of inspectors and clerks of elections, and shall have all other powers conferred by law upon said mayor and common council, subject to the control of said common council, except the power of levying taxes, which they shall not have in any case whatever.

The return of the marshal indorsed upon the summons shows that he served the summons upon the city of Watertown by delivering a copy thereof to Henry Beeber, city clerk, and also a copy thereof to Charles H. Gardner, city attorney, and a copy thereof to Thomas Baxter, the last-elected chairman of the board of street commissioners of said city, the twenty-third day of December, 1882, the office of mayor of said city being vacant, and there being no president of the common council, nor presiding officer of the common council, in office.

The question for our determination is whether or not this is a sufficient service of summons; and we are clearly of opinion that it is. The evident effect of section 2, c. 46, Laws 1879, in connection with the provisions of the previous law referred to creating and organizing such board of street commissioners, is to make the power of the said board of street commissioners and the chairman thereof (except in the one respect of the power of levying taxes) equal in all things

to that of the mayor; and that upon the resignation of the mayor, which resignation of itself, upon the fact of filing, without an acceptance thereof, *ipso facto* vacates that office, the said board of street commissioners and chairman thereof became mayor *pro hac vice*, and as such have all the usual powers of a mayor, including that of receiving service of summons in suits against the city.

There being a default in the case, the plaintiff will be entitled to judgment as prayed for in the complaint.

In this opinion Mr. Justice HARLAN, who sat in the case with the district judge, concurs.